IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES KEVIN RUPPERT,**

      **Plaintiff,**

v.   No. CIV 09-138 MV/LFG

**ERASMO BRAVO,** *et al.,*

      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
 ORDER DENYING APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff James Kevin Ruppert's ("Ruppert") "Objections" to the Court's Order denying two motions for appointment of counsel, filed March 23, 2009. [Doc. 12.] On March 17, 2009, the Court denied Ruppert's two requests for appointment of counsel, finding that Ruppert understood the issues in the case and appeared to be representing himself in an intelligent and capable manner. [Doc. 10.] While Ruppert styles the present pleading as "objections," he asks the Court to "reconsider" his motions for appointment of counsel. [Doc. 12, p. 1.] Thus, the Court construes his objections as a motion for reconsideration.

Ruppert's motion states: he is unable to research any cases cited by Defendants or the Court; because "nepotism is so high here," Defendants could influence mailroom personnel to interfere with litigation; such alleged interference could cause Ruppert to miss a deadline; and, Ruppert does not know how to amend some portions of the original complaint. [Doc. 12.] Ruppert also asserts that he does not know how to oppose a motion to dismiss should Defendants file a motion. He further

argues that the corrections facility does not have an adequate law library for any kind of litigation and that he is not allowed unlimited access to the law library materials.

Ruppert attached a number of exhibits to his pleading, including portions of prison policies and procedures indicating that designated staff will not provide assistance to inmates beyond the initial filing stage, inmates are not allowed to assist other inmates with qualified legal claims, and possession of unauthorized legal documents or use of improper legal assistance can result in sanctions, including loss of privileges.

It appears from a review of Ruppert's civil rights complaint that he already asserts a claim alleging he was not provided adequate legal assistance or resources in the corrections' facility. [Doc. 1.] Thus, there is no basis to amend the complaint to add a claim that already is asserted. Moreover, the constitutional obligation to provide inmates access to courts does not require that inmates be given unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996). Thus, Ruppert's complaint that he is not given unlimited access to law library materials is not grounds for overruling the Court's denial of his request for appointment of counsel.

While criminal defendants enjoy a constitutional right to counsel, *see* Strickland v. Washington, 466 U.S. 668, 685 (1984), the same is not true for civil litigants. There is no constitutional right to court-appointed counsel in a civil case. Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. Oct. 31, 2006).

Moreover, district courts lack the authority to *require* counsel to represent indigent prisoners in civil rights cases. *See* Mallard v. U.S. District Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request the voluntary assistance of counsel. See 28 U.S.C. § 1915(e)(1). *See also* Parker v. Bruce, 109 F. App'x 317, 321 (10th Cir. Sept. 16, 2004) ("absent

exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case") (internal citation omitted).  The Court finds no exceptional circumstances in this case to warrant appointment of counsel.

The Court again considered "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation omitted).  Ruppert continues to appear to understand the issues in the case and to be representing himself in an intelligent and capable manner.

Thus, no grounds exist to grant Ruppert's request for reconsideration.

IT IS THEREFORE ORDERED that Ruppert's request for reconsideration is DENIED; to the extent that the pleading is construed as an additional request for appointment of counsel, that request also is DENIED.

                                                                        *Lorenzo F. Garcia*
                                                                        Lorenzo F. Garcia
                                                                        Chief United States Magistrate Judge