IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JAMES KEVIN RUPPERT,

    Plaintiff,

  v.                                                                                        No. CV 09-0138 MV/LFG

MR. ERASMO BRAVO WARDEN,
MS J. TORELLO, JOB COORDINATOR,
MS RODGERS LIEUTENAT [sic], GRIEVANCE OFFICER,
DISCIPLINARY OFFICER,
MR. RODGERS, LIEUTENAT [sic],
MS JARAMILLO EDUCATION DIRECTOR,
DESIGNATED STAFF FOR LEGAL ASSISTANCE,

    Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint asserts three claims under the First and Fourteenth Amendments for a number of deprivations allegedly caused by the Defendants. For his First Amendment claim, Plaintiff alleges that grievance procedures were deliberately violated and ignored, and Defendant Jaramillo denied him "proper legal assistance." Plaintiff asserts due process and equal protection claims based on allegations that he was wrongfully terminated from prison employment and was refused other work assignments. Last, he alleges that certain Defendants also circumvented grievance procedures, again in violation of his due process and equal protection rights. The complaint seeks damages and equitable relief.

Plaintiff asserts several violations of his rights under the First Amendment. First, he alleges that violations of grievance procedures and denial of "proper legal assistance" deprived him of access to the courts. As to grievance procedures, the only legal requirement is that a plaintiff must exhaust administrative remedies, *see* 42 U.S.C. 1997e(a), and those remedies are considered exhausted if prison officials do not respond to grievances. *See Baughman v. Harless*, 142 F. App'x 354, 359 (10th Cir. 2005); *and cf. Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at \*\*2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). Plaintiff's allegations thus do not "establish relevant actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Furthermore, Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to . . . legal assistance, . . . [or]

that his prison's . . . legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Plaintiff does not allege that Defendants' actions amounted to active interference with his attempts to prepare and file legal documents. *See Lewis*, 518 U.S. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' "). The Court will dismiss these claims.

Nor is relief available on Plaintiff's due process and equal protection claims. These claims are based on allegations relating to prison employment and, again, grievance procedures. Because Plaintiff, by his own allegations, was dismissed from his prison job for disciplinary reasons, he fails to state a due process claim. "[Plaintiff] did not have a liberty interest in his prison job. Defendants' termination of his job, regardless of reason, and the alleged inadequacy of the appeal process therefore do not raise any due process concerns." *Johnson v. Ward*, 76 F. App'x 858, 860 (10th Cir. 2003) (citation omitted); *see also Murray*, 2000 WL 472842, at \*\*2. The Court will dismiss these claims.

In the text of the complaint, Plaintiff alleges that he was twice threatened with being transferred or locked up if he initiated litigation. These allegations may state a claim for retaliation in violation of the First Amendment. *See Mackey v. Lyons*, 52 F. App'x 468, 472 (10th Cir. 2002) ("retaliation claims are cognizable even where the alleged retaliatory action would be otherwise permissible."); *Cowles-Sims v. Fields*, 72 F. App'x 827, 830 (10th Cir. 2003) (same). Plaintiff will be allowed to file an amended complaint asserting a retaliation claim against a particular party. Failure to comply with this Order may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED with prejudice; and Defendants Bravo, Torello, Ms. Rodgers, Mr. Rodgers, and Jaramillo are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within fifteen (15) days from entry of this Order, Plaintiff may file an amended complaint asserting a First Amendment retaliation claim, specifically identifying the party responsible for the alleged violation.

_____
UNITED STATES DISTRICT JUDGE