IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES KEVIN RUPPERT,

                    Plaintiff,

vs.                                                              No. CIV 09-138 MV/LFG

ERASMO BRAVO, et al.,

                    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION**
**TO PROCEED _IN FORMA PAUPERIS_,**
**DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT,**
**AND GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME**

THIS MATTER comes before the Court on four motions filed by Plaintiff James Kevin Ruppert ("Ruppert"):  Motion to Proceed _In Forma Pauperis_ [Doc. 23]; Motion for Leave to File an Amendment [Doc. 24]; and two Motions for Extension of Time [Docs. 27, 30].  No responses to these motions are necessary.

### Motion for Leave to Proceed _In Forma Pauperis_

The Motion to Proceed _In Forma Pauperis_ [Doc. 23], filed June 1, 2009, is denied as moot. Ruppert has already been granted _in forma pauperis_ status [_see_ Doc. 5].  The Court also denies Ruppert's request for an order for service of process on Defendants Erasmo Bravo, Jessica Rodgers (now Vigil), Justin Rodgers, Karen Jaramillo, and J. Torello, as these Defendants were dismissed from this action by the Court's Order [Doc. 22], filed June 8, 2009, as discussed below.

### Motion to Amend Complaint and Motions for Extension of Time

In the June 8 Order, Judge Vázquez conducted a frivolousness review under 28 U.S.C. § 1915.  She determined that Ruppert's assertions that violations of grievance procedures and denial

of "proper legal assistance" deprived him of access to the courts was not sufficient to state a claim

for constitutional relief, under <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).  A "Fourteenth

Amendment due process claim based on access to the courts . . . has not been extended by this Court

to apply further than protecting the ability of an inmate to prepare a petition or complaint."  <u>Wolff</u>

<u>v. McDonnell</u>, 418 U.S. 539, 576 (1974).  Ruppert has not shown that he was unable to file his

Complaint, and the claims for denial of access to the courts were properly dismissed.

Judge Vázquez also dismissed Ruppert's due process and equal protection claims based on

allegations that he was wrongfully terminated from prison employment and was refused other work

assignments, holding that his dismissal from his prison job was not remediable in a suit under

Section 1983.  Again, these claims were properly dismissed.  <i>See</i>, <u>Ingram v. Papalia</u>, 804 F.2d 595,

596 (10th Cir. 1986) ("The Constitution does not create a property or liberty interest in prison

employment").

Judge Vázquez further ruled that the only claim for which a remedy might be available in

this action is Ruppert's allegation that he was threatened with being transferred or locked up if he

initiated litigation.  Such a threat could constitute retaliation for Ruppert's exercise of his First

Amendment rights.  While Ruppert mentions a "Captain Aragon" in the Complaint as someone who

threatened him, he does not further identify this person and has not named him as a Defendant.  He

also mentions former Defendant Warden Bravo's name in connection with the allegation regarding

threats; however, he appears to allege that Bravo assured him that he would not be locked up for

filing a lawsuit. [Doc. 1, at 3B].

Because of the vague nature of the claim for First Amendment retaliation, the Court held that

Ruppert should be permitted to file an amended complaint asserting any retaliation claim he may

have.  He was given 15 days within which to "file an amended complaint asserting a First Amended

retaliation claim, specifically identifying the party responsible for the alleged violation." [Doc. 22, at 4].

Ruppert did not file an amended complaint within the time allotted. However, he did file a Motion to Amend Complaint [Doc. 24] on June 1, 2009. This motion was filed prior to entry of the Court's June 8 Order, and thus Ruppert had no knowledge at the time he filed the motion that his claims regarding denial of access to the courts, interference with the grievance process, and unfair termination of his prison job had been dismissed. The Motion to Amend includes more detail regarding these claims and again includes claims of denial of access to the courts in the form of interference with legal mail and inadequate law library, as well as violations of the grievance procedure. The Court has already determined that Section 1983 provides no relief for these claims. [Doc. 22]. Thus, Ruppert's Motion to Amend [Doc. 24] is denied.

On July 2, 2009, Ruppert send a document to the Court which has been docketed as a Motion for Extension of Time to Amend Complaint [Doc. 27]. In this document, in a letter [Doc. 28], and in a second Motion for Extension of Time [Doc. 30], all filed on July 2, Ruppert states that he did not receive the June 8 Order. [*See also*, docket entry dated June 29, 2009, indicating the Ruppert called the Court to say that he did not receive that Order]. On June 29, 2009, the docket clerk noted that she sent Ruppert a copy of the June 8 Order.

Ruppert states in his Motions for Extension of Time that he will need more time to respond to the Order. He says he does not understand what the Court is requiring, as he already filed an amended complaint on June 1, 2009. However, the document which Ruppert filed on June 1 was essentially a restatement, in more detail, of his claims regarding denial of access to the courts and violations of the grievance procedure. These claims have been dismissed, and Ruppert's June 1 document was not responsive to the Court's direction that he file an Amended Complaint setting

3

forth his claim of retaliation for exercise of his First Amendment rights.

Because of Ruppert's allegation of delay in receipt of the Court's June 8 Order and his apparent confusion as to what that Order required of him, the Court will grant him an extension of time to file an Amended Complaint, setting forth with particularity his claim that he was threatened with transfer or lock-up as retaliation for filing a lawsuit.  He must identify the specific person or persons whom he alleges so threatened him, so that person can be served with process.  At present, there are no other Defendants in this suit.

Ruppert is further advised to read the June 8 Order and to note carefully the claims that have been dismissed from this lawsuit.

### Order

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 23] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amendment [Doc. 24] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motions for Extension of Time [Doc. 27, 30] are granted.  Plaintiff will have until July 29, 2009 to file an Amended Complaint in accord with the Court's Order [Doc. 22] of June 8, 2009.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

4