IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES KEVIN RUPPERT,

        Plaintiff,

  vs.                                    No. CIV 09-138 MV/LFG

ERASMO BRAVO, et al.,

        Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**ANALYSIS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 37], filed July 20, 2009, and on Plaintiff's Objections [Docs. 39, 40, 41] to the Analysis and Recommended Disposition. The Court conducted a *de novo* review of those portions of the Magistrate Judge's analysis to which Plaintiff objects.

In his objections Plaintiff states that he "did not know that the Court would require precise and specific words . . ." in order to state a claim. [Doc. 40, at 4]. "Precise and specific words" are not required, and the Magistrate Judge appropriately applied a liberal construction to Plaintiff's complaint and other submissions. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is to say, he "must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to" avoid dismissal. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (*quoting from* Twombly, 550 U.S. at 570).

In addition,

> it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role. Obviously, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity. Accordingly, a plaintiff must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place. An

> inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.

Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal punctuation and citations omitted).

Plaintiff's objections basically re-state arguments he has raised in the past. He accuses a number of corrections employees of having retaliatory motives for numerous actions taken with respect to his rights to access law library materials, right to file grievances and lawsuits, and right to prison employment to help him prepare for life after parole. The Court's *de novo* review confirms that Plaintiff has failed to meet the plausibility and specificity standards for these allegations, with the exception of the allegation that Defendant Phil Aragon threatened to transfer or lock Plaintiff up if he filed a lawsuit. Such action, if proved, would constitute retaliation against Plaintiff for exercise of his First Amendment rights. Frazier v. DuBois, 922 F.2d 560 (10th Cir. 1991).

IT IS THEREFORE ORDERED that the Magistrate Judge's Analysis and Recommended Disposition is adopted by the Court.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Bravo, Ms. Rodgers, Lt. Justin Rodgers, Roberta Ariaz, Tim Le Master, Ms. Torello, Lt. Torello, Ms. Jaramillo and Ms. Chavez are dismissed with prejudice, and those Defendants are dismissed as parties to this action.

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms for Defendant Phil Aragon.

_____
UNITED STATES DISTRICT JUDGE