## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JAMES KEVIN RUPPERT,**

    **Plaintiff,**

**v.**              **No. CIV 09-138 MV/LFG**

**PHIL ARAGON,**

    **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff James Kevin Ruppert's ("Ruppert") "Motion for Waiver of Photocopy Charges or Injunctive Relief" [Doc. 62] and Motion for More Definite Statement [Doc. 59].  On March 5, 2010, Respondent Phil Aragon ("Aragon") filed responses. [Doc. Nos. 64, 65.]  On March 19, 2010, Ruppert filed replies.  [Doc. Nos. 71, 72.]  After careful consideration of the motions, briefs, attachments, and pertinent law, the Court denies the request for waiver of photocopy charges and the motion for a more definite statement.  Moreover, there is no basis to support a request for injunctive relief, and that, too, is denied.

This Order also briefly addresses two other documents filed by Ruppert on February 25, 2010:  "Response to Defendants Answer and Affirmative Defenses" [Doc. 60] and "Mistake and Clerical Error" [Doc. 61], both of which the Court disregards for the reasons stated *infra*.  In addition, this Order requires Aragon to file a notice of withdrawal of those affirmative defenses he no longer intends to raise.  [Doc. 65.]

1

Finally, this Order requires Ruppert to obtain written permission from the Court before filing any additional documents in this case, save for his response to the Martinez report, which will not be due until thirty days after service of the Martinez report on Ruppert. In other words, the Court will accept for filing Ruppert's response to the Martinez report, without obtaining prior permission from the Court. Any other documents submitted by Ruppert, without prior permission from the Court, will be returned to Ruppert without filing.

I.     **Motion for Waiver/Injunctive Relief [Doc. 62]**

Ruppert is incarcerated at Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico. [Doc. 62.] He states that GCCF charges 20 cents per photocopy and that this is a "tactic to deter filing of legal documents in Court." [Doc. 62, p. 1.] Ruppert argues that having to pay 20 cents per photocopy forces him to choose between purchasing hygienic supplies and commissary items such as coffee or going into "great debt." [Doc. 62, p. 1.] He further contends that he has no access to legal supplies, including typing paper, pencils, pens, and file folders. Ruppert seeks a Court order requiring GCCF to exempt him from having to pay photocopy charges for 90 days and to provide him with "essential legal supplies," i.e., typing paper, pens, and folders, so that Ruppert will be able to respond to the Martinez report.[1] [Doc. 62, p. 3.]

In his motion for waiver of photocopy fees, Ruppert provides a "Note to the Court" that he was placed on job suspension in February 2010. [Doc. 62, p. 2.] He further argues that if an indigent man such as Ruppert is "stuck on a job assignment that pays less [than] the established

---

[1] On February 19, 2010, the Court entered an Order requiring the sole remaining defendant (Aragon) to produce a Martinez report in response to Ruppert's retaliation claim. [Doc. 58.] The Order informed Ruppert that he would be allowed to file a response to the Martinez report.

2

indigency standard . . . [that] policy . . . creates atypical and sufficient hardship and people wonder why inmates in New Mexico have behavior problems."  [Doc. 62, p. 3.]

While Ruppert requests waiver of photocopy fees at GCCF, his motion might also be read as an attempt to reassert a claim that Ruppert is being denied access to the courts.  The Court already determined that Ruppert's related contentions in earlier pleadings failed to state a claim because there were no allegations of "relevant actual injury" under Lewis v. Casey, 518 U.S. 343, 351 (1996).  [Doc. 22; Doc. 37, pp. 2 & 9; Doc. 46.]  In so holding, the Court noted that Ruppert had not alleged that defendants' actions amounted to active interference with his attempts to prepare and file legal documents in this case.  [Doc. 22; Doc. 37, pp. 2 & 9; Doc. 46.]

It is true that inmates have a constitutional right to adequate, effective, and meaningful access to the courts.  *See* Bounds v. Smith, 430 U.S. 817 (1977).  However, there is no constitutional right to services such as free photocopying.  *See, e.g.,* Mears v. Thomas, No. 94-2270, 1996 WL 211739, at *1 (10th Cir. Apr. 30, 1996) (unpublished) ("A prisoner does not have a constitutional right to unlimited free photocopies.") (*citing* Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980)); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).  Instead, to satisfactorily assert a claim for denial of access to the courts, there must be evidence of actual interference with Ruppert's access to the courts.

Ruppert is hard-pressed to convince the Court that he has suffered any actual interference with his ability to access the courts.  This case has been pending for about one year [Doc. 1, Complaint] and, although the Martinez report has just been ordered, more than 70 docket entries already exist, many of which were filed by Ruppert.  Indeed, Ruppert has filed approximately 40 documents consisting of, among other things, the documents addressed by this Order, numerous

letters to the Court, complaints, multiple motions for and documents related to his *in forma pauperis* request, multiple sets of objections to court orders, multiple requests for appointment of counsel, motions to extend time, motions to correct pleadings, a motion to compel, a motion for extension of time to file an appeal, and a document styled "Deposition Insert." Many of these documents contain pages of exhibits, presumably exhibits that were photocopied. In total, Ruppert has filed well over 250 pages of materials in this case.

Ruppert makes no showing of actual interference with his ability to litigate this matter. In his opposition to Ruppert's motion, Aragon submits evidence that writing utensils are available for inmates to use in the law library free of charge. [Doc. 64-2.] Additionally, upon request, an inmate may obtain two legal envelopes free of charge. [Doc. 64-2.] Further, legal tablets of paper can be purchased at 75 cents each from the commissary, while pens may be purchased for 20 cents each and pencils may be purchased for 25 cents each. [Doc. 64-3.] Notwithstanding Ruppert's limited monthly income, there is no showing that the cost of legal supplies is unreasonable or has caused Ruppert relevant actual injury in his ability to litigate the present case. Therefore, the Court denies Ruppert's request for a waiver of photocopy fees.

In addition, the Court denies Ruppert's request for injunctive relief as Ruppert has not established any of the elements required for preliminary injunctive relief. *See* <u>Beltronics USA, Inc.</u> <u>v. Midwest Inventory Distribution, LLC</u>, 562 F.3d 1067, 1070 (10th Cir. 2009) (for preliminary injunctive relief, a movant must show (1) there is a substantial likelihood that he will succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) the threatened injury to him outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction

would not be adverse to the public interest).  Ruppert failed to plead or prove any of the required elements to warrant injunctive relief.

Finally, the Court advises Ruppert that it now requires prior court approval before accepting any additional documents from him apart from his response to Defendant's <u>Martinez</u> report.  A large portion of Ruppert's filings in this case consist of inappropriate and/or duplicative motions, letters, and notices (*e.g.,* multiple requests for *in forma pauperis* status, multiple requests for appointment of counsel, repetitious sets of objections, and documents such as his motion to compel and "Deposition Inserts").  At this stage of the proceeding, the Court awaits Defendant's <u>Martinez</u> report, after which Ruppert may file a response.[2]

## II.    <u>Motion for More Definite Statement [Doc. 59]</u>

In this motion, Ruppert states he "does not understand why defense [counsel] would submit affirmative defenses [in the Answer] that would be filed appropriately for state court, not a federal court of law."  [Doc. 59, p. 1.]  Ruppert asks the Court to set aside Defendant's affirmative defenses "as frivolous."  [Doc. 59, p. 1.]  He also argues that the doctrine of qualified immunity is not a viable defense in this case.  [Doc. 59, p. 2.]

To the extent that Ruppert is arguing that Aragon cannot file affirmative defenses in a federal action, he is mistaken.  Rule 8(c) of the Federal Rules of Civil Procedure requires that a party set forth appropriate affirmative defenses.  Fed. R. Civ. P. 8(c).  Failure to do so could result in a waiver of the defense.  *See* <u>Creative Consumer Concepts, Inc. v. Kreisler</u>, 563 F.3d 1070, 1076 (10th Cir.

---

[2]  Based on Aragon's agreement, Ruppert need not mail hard copies of his response to the <u>Martinez</u> report to Aragon's attorneys.  [Doc. 64, p. 4.]

2009) ("The general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings.").

To the extent that Ruppert's motion can be construed as a motion to strike Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), this Court notes that in Aragon's response to the motion, he agrees to withdraw the majority of the affirmative defenses pled in the Answer.  [Doc. 65, p. 2.]  Thus, based on Aragon's representations, the following affirmative defenses have been withdrawn:  immunity as to state law claims brought under the New Mexico Tort Claims Act ("NMTCA") (Doc. 57, Answer, ¶ 3); failure to exhaust administrative remedies and to provide proper notice as to state law claims under the NMTCA (Id. ¶ 4); that the NMTCA precludes an award of punitive damages against Defendant for claims thereunder (Id. ¶ 5); that Plaintiff's state law claims are barred in whole or in part by Plaintiff's own comparative fault (Id. ¶ 6); that Plaintiff's state law claims are barred in whole or in part by the comparative fault of other persons who are not parties to this litigation (Id. ¶ 7); and failure to comply with the exhaustion requirements of NMSA 1978, § 33-2-11 (Id. part of ¶ 9).  Aragon also states that he "stipulates to the withdrawal of the affirmative defense of qualified immunity which was asserted in paragraph 9 of the Answer."  [Doc. 65, p. 2.]  The defense of qualified immunity, however, is raised in paragraph 2 of the Answer rather than paragraph 9 of the Answer.  Thus, while it appears that the defense of qualified immunity has been withdrawn by Aragon and is no longer at issue in this case, for the sake of clarity, this Court requests that Aragon file a notice of withdrawal of affirmative defenses, specifically listing each of the affirmative defenses he has withdrawn no later than ten (10) days after entry of this Order.

In light of Aragon's withdrawal of the majority of his affirmative defenses, it appears that the only affirmative defenses that remain at issue are: failure to state a claim upon which relief can be granted (Doc. 57, Answer, ¶ 1); failure to mitigate damages (Id. ¶ 8); failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA") (Id. part of ¶ 9); and that Plaintiff's claims are limited by the provisions of the PLRA (Id. ¶ 10). As Ruppert's motion fails to establish that these affirmative defenses are inappropriate or should be stricken, the motion will be denied. Finally, this Court further notes that while Ruppert has argued that he has satisfied the exhaustion requirements of the PLRA (Doc. 60), this is a factual issue that will be addressed by the Court, as needed, at an appropriate time and not a basis for striking Aragon's affirmative defense as to exhaustion of administrative remedies under the PLRA at this stage in the proceedings.

### III.   Response to Defendant's Answer and Affirmative Defenses [Doc. 60]

This document duplicates, to some extent, Ruppert's motion for a definite statement. [Doc. 59.] For example, in it, Ruppert again argues that Aragon's affirmative defenses are frivolous and asks the court to set aside the affirmative defenses. [Doc. 60, p. 2.] This is exactly the type of pleading that should not have been filed, as it is not permitted under the Federal Rules of Civil Procedure and is unnecessary, repetitious, frivolous, and abusive. *See, e.g.,* Hornsby v. Evans, 328 Fed. Appx. 587, 589 (unpublished) (10th Cir. May 13, 2009) (a party's *pro se* status in habeas proceeding does not insulate him from being sanctioned with monetary fines for continuing to file frivolous and abusive pleadings); Whitington v. Ortiz, 307 Fed. Appx. 179, 195 (10th Cir. Jan. 13, 2009) (unpublished) ("[I]nmates do not have a right to file excessive motions, pleadings, exhibits or other documents simply because they either do not understand the rules or because they are

inclined to keep pressing their case with afterthoughts, continuing argument, new examples or events, or the like.").  Accordingly, the Court will disregard this document.

### IV.   Mistake and Clerical Error [Doc. 61]

In this document, Ruppert states he provided an incorrect date in his amended complaint [Doc. 34] with respect to allegations against the remaining Defendant.  Ruppert explains that the correct date of the pertinent incident was January 13, 2009, rather than January 12, 2009.  In the Order directing Aragon to supply a Martinez report, the Court required Defendant to supply information concerning communications with Ruppert "on or about" January 12, 2009.  [Doc. 58, p. 3, ¶ 4.]  This request was sufficiently inclusive to cover the dates in question.

In addition to correcting the date, the document contains two more pages of factual allegations and argument concerning grievances filed by Ruppert and Ruppert's interactions with various individuals at GCCF (including parties previously dismissed from this lawsuit).  It appears that these allegations have no bearing on the sole remaining claim brought against Aragon.  Thus, the Court notes the correction as to the date, but otherwise disregards this pleading.

IT IS THEREFORE ORDERED that:

(1)     Plaintiff's motion for waiver of photocopy fees or injunctive relief [Doc. 62] is DENIED;

(2)     Plaintiff's motion for more definite statement [Doc. 59] is DENIED;

(3)     The documents styled "Response to Defendants Answer and Affirmative Defenses" [Doc. 60] and "Mistake and Clerical Error" [Doc. 61] are disregarded;

(4)     Aragon shall file a notice of withdrawal of affirmative defenses, specifically listing

each of the affirmative defenses he has withdrawn, no later than ten (10) days after

entry of this Order; and

(5)     Although Ruppert may submit a response to the Martinez report (including exhibits

and attachments thereto) after it is served on him without requesting permission of

the Court, he shall not submit any other documents, letters or materials to the Court

for filing without prior permission from the Court.  Any documents, letters, or

materials mailed to the Court, without prior approval, will not be filed and will,

instead, be returned to Ruppert.

DATED this 26th  day of April, 2010.

_____
**HONORABLE MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**