IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES KEVIN RUPPERT,**

        **Plaintiff,**

v.                                           **No. CIV 09-138 MV/LFG**

**PHIL ARAGON,**

        **Defendant.**

### **AMENDED ORDER**[1]

THIS MATTER is before the Court on Plaintiff James Kevin Ruppert's ("Ruppert") "Objection to Magistrate Judge's Order [Doc. 112] Without Giving Plaintiff the Time (Opportunity) to file Rebuttal [Doc. 113] for the Court to Review," ("Supplemental Reply"), filed January 25, 2011 [Doc. 134]. The Court liberally construes this pleading as a supplemental reply in support of Ruppert's "Motion for Court Order to Stop Defendants from actively interfering with Plaintiff's attempts to Communicate with the Court" ("motion to stop"), filed December 22, 2010 [Doc. 108]. See Mitchell v. KDJM-FM, 2010 WL 5018313, *2 (10th Cir. Dec. 9, 2010) (unpublished) (noting that because plaintiff appeared *pro se*, Court construed her pleadings and papers liberally) (*citing* Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009)).

---

[1]This Amended Order modifies the initial Order entered January 4, 2011 [Doc. 112] by addressing both Ruppert's reply, filed January 7, 2011 [Doc. 113], and the supplemental reply [Doc. 134], filed January 25, 2011.

In Ruppert's December 22, 2010 motion to stop, he requested a Court Order to prevent Defendants, namely "Warden Bravo or his superiors," from interfering with Ruppert's attempts to communicate with the Court by confiscating his blank paper [Doc. 108].  On January 3, 2011, Defendant Phil Aragon, filed a response, stating that he, the only Defendant in this matter, was not involved in the confiscation of paper from Ruppert.  Moreover, contrary to Ruppert's position, the Court's local rules do not require that documents be submitted on unlined paper, and as established by previous affidavit testimony [Doc. 64-3], paper is available for purchase in the commissary [Doc. 111, pp. 1-2].

On January 4, 2011, the Court entered an Order denying Ruppert's motion to stop, reasoning that the Court could not order Warden Bravo, or anyone other that Defendant Aragon, to take any action or refrain from taking any action in this case [Doc. 112].  The Court further clarified that Ruppert was not required to use unlined printer paper for his court filings and that any confiscation of such paper did not constitute interference with his right to apply to the Court for redress.

On January 7, 2011, after the Court entered its January 4 Order, Ruppert filed a pleading entitled 'Rebuttal with Affirmative Proof to Defendants Response of Plaintiff [sic] Motion [Doc. 108] to allow unimpeded access to the Court" ("reply").  Because the Court already entered an Order denying Ruppert's motion to stop, it did not consider Ruppert's reply [Doc. 113].

In the supplemental reply [Doc. 134], Ruppert argues that he was not given the opportunity to file his reply, *i.e.,* Doc. 113.  Ruppert further states:

> Based off [Doc. 113 exhibit one] Plaintiff inferred that line paper is unacceptable to submit pleadings on.  Especially in light of the fact that Federal standards are such.  Therefore, Plaintiff does not want to Jeopardize the integrity of the court.

> Under Gluth v. Kangas, 773 F. Supp. 1309, typing, blank or copy paper is provided as proper stationery to communicate with the Court and present pleadings.

[Doc. 113, p. 2.] Ruppert's argument is without merit. Moreover, the Court did not prevent the filing of Ruppert's reply [Doc. 113], as it was filed on January 7, 2011. However, the Court issued its Order before considering the reply.

Therefore, the Court now considers the reply and supplemental reply. In Ruppert's reply [Doc. 113], he attached a letter from the Second Judicial District Court of the State of New Mexico, in which someone (addressee's name is redacted) was informed that the clerk's office in State District Court did not accept lined paper. The rules for state district court have no bearing on how pleadings must be presented in this case which was filed in federal district court. Ruppert's reply also argues that paper was taken "in attempt to stop plaintiff from communicating with the Court" [Doc. 113, p. 1]. However, Ruppert does not claim that the sole defendant in this case, Phil Aragon, had anything to do with alleging confiscating paper from Ruppert. Nor did Ruppert demonstrate that he has been unable to communicate with the Court. His numerous pleadings, letters, and documents are to the contrary.

In the supplemental reply, Ruppert claims that exhibit two to his reply contains the signature of Defendant Aragon, thereby implying that Aragon was the person to have allegedly confiscated paper from Ruppert [Doc. 134, p. 1]. The exhibit to which Ruppert refers [Doc. 113, Ex. 2] is a Disciplinary Decision, dated December 22, 2010, stating that it was found that "the typing paper that inmate Ruppert had was given to him and was allowed to have. There for [sic] this has been informally resolved." It was signed by Disciplinary Officer V. Perez. In addition, Defendant Aragon signed off on the recommended decision of Disciplinary Officer Perez, also dated December 22, 2010.

First, it does not appear that any disciplinary action was taken against Ruppert based on this disciplinary decision. Instead, it was "informally resolved." Second, the disciplinary decision does not demonstrate that Defendant Aragon confiscated any materials or paper from Ruppert. Defendant Aragon merely approved of the disciplinary officer's dismissal of the "report" and the informal resolution of the matter. Ruppert's remaining arguments in the supplemental reply are repetitive and unfounded.

Therefore, the Court enters this Amended Order, after consideration of the reply and supplemental reply [Doc. Nos. 113, 134], with the result that Ruppert's motion to stop is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge