IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES KEVIN RUPPERT,**

      **Plaintiff,**

v.                                                      No. CIV 09-138 MV/LFG

**PHIL ARAGON,**

      **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION

### Introduction and Procedural Background

THIS MATTER is before the Court on the Magistrate Judge's Analysis and Recommended Disposition ("findings and recommendations") [Doc. 89], filed September 10, 2010. The Court initially determined that Plaintiff Kevin Ruppert ("Mr. Ruppert") failed to file objections and that the time for doing so had expired. Thus, in late October 2010, the Court entered an Order adopting the Magistrate Judge's findings and recommendations and dismissing the case, without prejudice. [Docs. 91 & 92].

Mr. Ruppert, however, later advised the Court that he did not receive the Magistrate Judge's findings and recommendations until after the Court had entered Judgment in favor of Defendant, and, therefore, did not have an opportunity to file timely objections. Mr. Ruppert sought an extension of time to file his objections, which the Court granted in an Order entered December 16, 2010. [Doc. 105].

Accordingly, the Court vacated its previously entered Order and Judgment, and re-opened the case, so as to allow Mr. Ruppert to file objections within thirty days from the December 16, 2010 Order. [Doc. 105]. On January 12, 2011, Mr. Ruppert filed "Objection to: Magistrate Judge's Analysis and Recommended Disposition. [Doc. 89]" ("objections"). [Doc. 116]. The Court has now conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendations to which Mr. Ruppert objects.

In addition, the Court addresses Mr. Ruppert's "Objection to Magistrate Judge's Amended Order [Doc. 135]," filed February 8, 2011. [Doc. 136].

**Mr. Ruppert's Objections to the Findings and Recommendations [Doc. 116]**

I.  General Objections

Mr. Ruppert's objections contain a number of arguments or assertions that have no bearing on the Magistrate Judge's findings and recommendations. For example, Mr. Ruppert provides rambling and unsubstantiated allegations that the Court "intentionally errored [sic] against plaintiff" and that the Court "is biased and prejudice [sic] against plaintiff." [Doc. 116]. Mr. Ruppert further writes:

> NO Law Library, NO Legal Assistance and NO Para-legal Assistance (NO adequate Access) [Doc. 66] The Court fails to acknowledge facts (exhibits) that Plaintiff presented to the Court.
>
> Not able to shepardize Case Law. NO Federal Digest, NO Federal Reporters Not able to do any kind of Cross reference of Case's, or Civil rights law to properly present issues.
>
> SO the Court acknowledges Constitutional Violations and still denies plaintiff Counsel [Doc. 66] and [Doc. 84]
>
> Prejudice Plaintiff to do irreparable, unreversible harm by denying plaintiff adequate legal tools to effectively litigate Civil Case. Therefore the Court denies a fundamental Constitutional right of access.

2

[Doc. 116 at pp. 1-2 (emphasis in original)]. To the extent that these allegations might be interpreted to seek another amendment of the complaint, such request is denied. In addition, the Court finds that Plaintiff's allegations of bias and perjury by the Court are unfounded and do not provide a basis for rejecting the Magistrate Judge's findings and recommendations. [*See, e.g.,* Doc. 116 at p. 3 "Perjury"].

II. Exhaustion of Administrative Remedies

In the findings and recommendations [Doc. 89 at p. 3], the Magistrate Judge observed that "[t]he remaining claim in this lawsuit is based on Ruppert's allegations of retaliation for exercise of his First Amendment right to bring lawsuits against corrections officials." After a thorough and careful analysis of the pertinent law and pleadings, including the Martinez report, Mr. Ruppert's response, and affidavits from the parties, the Magistrate Judge concluded that Mr. Ruppert had failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). [Doc. 89 at pp. 5 & 11]. Thus, the Magistrate Judge recommended that the entire action be dismissed, without prejudice, for failure to exhaust administrative remedies.

Mr. Ruppert's objections touch only briefly on issues of exhaustion. [Doc. 116 at pp. 3-4]. Rather than providing grounds for amending or rejecting the Magistrate Judge's findings and recommendations, Mr. Ruppert merely re-states arguments previously made and rejected. In addition, Mr. Ruppert sets forth conclusory argument and disagreement with the Magistrate Judge's findings and recommendations, without any basis. In other words, he presents unsubstantiated and unhelpful assertions, along with unfounded accusations that the Court "wants to justify defendant[']s actions by manipulating the facts." [Doc. 116 at p. 4]. Mr. Ruppert's additional argument that the PLRA or United States Supreme Court language "does not support total exhaustion" is unavailing.

Rather than properly address issues of failure to exhaust, Mr. Ruppert supplies summary and unproven arguments that he has "overwhelming (substantial) evidence" as to the merits of his claims. [Doc. 116 at p. 5]. Mr. Ruppert further asserts that the only evidence he does not have, as to the merits of his claims, is a "signed confession." [Doc. 116 at p. 6]. Without basis, he inaccurately surmises that federal judges in this Court are working in concert with the prison administration to deny Plaintiff due process. [Id.].

In addition, Mr. Ruppert attempts to attack a number of earlier orders by the Court, *e.g.,* an April 26, 2010 Order, in which the Court restricted additional frivolous filings by Mr. Ruppert [Doc. 79]. Mr. Ruppert further re-argues his position that he never received a copy of the Magistrate Judge's findings and recommendations [Doc. 89] in time to file objections, notwithstanding the fact that the Court re-opened the case and allowed him to file the objections that the Court now addresses.

None of Mr. Ruppert's arguments provide a basis for the Court to amend or overturn the Magistrate Judge's findings and recommendations that Mr. Ruppert's remaining claims and this action be dismissed, without prejudice, for failure to exhaust administrative remedies. The Court, therefore, overrules Mr. Ruppert's objections and, upon a *de novo* review, adopts the Magistrate Judge's findings and recommendations.

    III.    Amendment of the Complaint

The Magistrate Judge's findings and recommendations also addressed and denied Mr. Ruppert's request to amend his complaint. The Magistrate Judge noted that Mr. Ruppert attached a document to his response to the Martinez report that sought written permission to amend the complaint.

In Mr. Ruppert's objections, he incorrectly cites Federal Rule of Civil Procedure 19 (Required Joinder of Parties) in support of his argument that he should be allowed to amend the pleadings. [Doc. 116 at p. 7]. It matters not, however, because the Magistrate Judge appropriately considered Federal Rule of Civil Procedure 15(a), which addresses amendment of pleadings. [Doc. 89 at p. 12]. While acknowledging that leave to amend should be freely granted "when justice so requires," the Magistrate Judge further observed that amendment of pleadings is not limitless. Under the totality of the circumstances in this case, including the posture of the case and the vaguely described new claims, the Magistrate Judge properly recommended denying the request to amend the complaint. [Doc. 89 at pp. 12-13].

The Court further observes that Federal Rule of Civil Procedure 15(a) was amended effective December 1, 2009. As amended, Rule 15(a) allows a complaint to be amended once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, such as the matter at hand, a party may amend its complaint only with the opposing party's written consent or the court's leave. Because opposing counsel did not agree to the amendment, nor did the Court grant leave to amend, the Magistrate Judge's findings and recommendations are not impacted by the amendment to Rule 15.

In sum, Mr. Ruppert's objections concerning amendment of the complaint are unpersuasive. He provides no grounds to disturb the Magistrate Judge's recommendation to deny amendment under the circumstances in this case. Thus, the Court overrules the objections and adopts the Magistrate Judge's recommendation that the Court deny Mr. Ruppert's request to amend the complaint.

### Mr. Ruppert's February 8, 2011 Objection [Doc. 136]

On January 26, 2011, the Magistrate Judge entered an Amended Order [Doc. 135] denying Mr. Ruppert's "Motion for Court Order to Stop Defendants from actively interfering with Plaintiff[']s attempts to Communicate with the Court" [Doc. 108]. In the Amended Order, the Magistrate Judge carefully considered Mr. Ruppert's motion, reply, and supplemental reply. [Docs. 108, 113 & 134]. The Court explained that Mr. Ruppert's motion [Doc. 108] had no merit, both because Mr. Ruppert had not alleged that Defendant Phil Aragon, the only defendant in this case, confiscated paper from Mr. Ruppert and because this Court does not require pleadings to be submitted on unlined paper. [Doc. 135 at p. 2.]

Mr. Ruppert's "Objection" [Doc. 136], which might be more properly characterized as a motion to reconsider, continues to set forth the mistaken contention that he must use blank paper to submit pleadings to federal court. He asserts that Guadalupe County Correctional Facility must provide inmates with blank paper to "pursue legal issues." [Doc. 136 at p. 2]. The Court finds that Mr. Ruppert has failed to show the Magistrate Judge's Amended Order was erroneous or contrary to law. The Court, therefore, overrules the objection, denies any request for reconsideration, and concludes the Magistrate Judge's Amended Order properly denied Mr. Ruppert's request.

### Other Motions Filed by Mr. Ruppert

This case was re-opened specifically to allow Mr. Ruppert to file objections to the Magistrate Judge's findings and recommendations. In addition to filing objections on January 12, 2011, however, Mr. Ruppert also filed a dozen other documents, including several motions. [Docs. 115 & 117-27]. Most, if not all, of the twelve documents and motions filed on January 12, 2011 have no basis in law and are frivolous, duplicative, or nonsensical. [See generally Docs. 115 & 117-27]. Further, none of these additional documents persuades the Court that the Magistrate Judge's findings

and recommendations are erroneous or should not be adopted. As the Court has determined that Mr. Ruppert's objections to the Magistrate Judge's findings and recommendations are without merit and that it will adopt the findings and recommendations, it will deny as moot all remaining pending motions filed by Mr. Ruppert.

## **Filing Restrictions**

On March 26, 2009, the Court advised Mr. Ruppert that he should refrain from filing duplicative and frivolous motions. [Doc. 15]. In the Court's April 26, 2010 Memorandum Opinion and Order, the Court observed that "[a] large portion of Ruppert's filings in this case consist of inappropriate and/or duplicative motions, letters, and notices (*e.g.,* multiple requests for *in forma pauperis* status, multiple requests for appointment of counsel, repetitious sets of objections, and documents such as his motion to compel and 'Deposition Inserts')." [Doc. 79 at p. 5]. The Court, therefore, elected to impose filing restrictions on Mr. Ruppert with respect to this case. The Court's Order read, in part:

> Although Ruppert may submit a response to the Martinez report (including exhibits and attachments thereto) after it is served on him without requesting permission of the Court, he shall not submit any other documents, letters or materials to the Court for filing without prior permission from the Court. Any documents, letters, or materials mailed to the Court, without prior approval, will not be filed and will, instead, be returned to Ruppert.

[Doc. 79 at p. 9].

Federal courts possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989) (*per curiam*). In 2009, the Court warned Mr. Ruppert to refrain from filing duplicative and frivolous documents. Instead of heeding the Court's warning, Mr. Ruppert continued to file unnecessary and frivolous documents. After the Court imposed

7

carefully tailored restrictions that still permitted Mr. Ruppert to file necessary documents such as a response to the Martinez report, Mr. Ruppert began sending letters to Defendant's law firm, thereby prompting a motion by Defendant seeking an Order restricting Mr. Ruppert's further mailings and communications with defense counsel. [Doc. 81].

Because of Mr. Ruppert's continued filing of frivolous and duplicative documents, he will not be permitted to file additional documents in this case without prior court authorization, save for a Notice of Appeal in accordance with pertinent rules of procedure. In other words, the Notice of Appeal may be filed without prior court authorization. Documents other than a Notice of Appeal, or an appropriate request for leave to file a specified documents, sent to the Court after entry of this Court's Order Adopting the Magistrate Judge's findings and recommendations and Judgment, will be returned to Mr. Ruppert without filing.

## **Conclusion**

The Court agrees with the Magistrate Judge's proposed findings and recommendations that Mr. Ruppert's request to amend his complaint be denied, and that the remaining claims be dismissed, without prejudice, for failure to exhaust administrative remedies. In addition, the Court overrules Mr. Ruppert's Objection [Doc. 136] to the Magistrate Judge's Amended Order and further denies as moot all pending motions. Filing restrictions continue to be imposed, as described herein.

IT IS HEREBY ORDERED that: (1) the findings and recommendations of the United States Magistrate Judge are adopted by the Court; (2) Mr. Ruppert's Objection [Doc. 136] to the Magistrate Judge's Amended Order is overruled; (3) all pending motions are denied as moot; (4) the remaining claims in Mr. Ruppert's Amended Complaint [Doc. 34] are dismissed without prejudice; and (5) the Clerk of the United States District Court will return any documents, letters, or requests submitted

by Mr. Ruppert in this action, without prior authorization of the Court, save for a Notice of Appeal filed in accordance with rules of procedure or a written request for leave to file a document.

DATED this 17th day of June, 2011.

_____
MARTHA VÁZQUEZ
United States District Judge